**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
602-322-4009
www.cavanaghlaw.com

David A. Selden (AZ Bar 007499)
dselden@cavanaghlaw.com
Julie A. Pace (AZ Bar 014585)
Jpace@cavanaghlaw.com
Heidi Nunn-Gilman (AZ Bar 023971)
hnunngilman@cavanaghlaw.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ms. Crystal Sheehan, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Romulus, Inc. d/b/a IHOP,<br><br>Defendant. | No. 2:14-CV-00464-SMM<br><br>**JOINT MOTION TO APPROVE SETTLEMENT** |

Pursuant to the Court's May 1, 2019 Order (Document 43), the parties hereby submit their Joint Motion to Approve Settlement.

The parties agreed to stipulate to the dismissal of this case with prejudice, with both parties to bear their own costs and attorneys' fees (Defendant has already paid Plaintiff's costs on appeal). The parties agreed to the dismissal of this case without a separate settlement agreement because there is no payment to be made by Defendant to Plaintiff and because the amount of time that has occurred while this case was pending on appeal renders moot the potential for additional claims that would otherwise typically be included in a settlement due to the statues of limitations. Consequently, the parties do not have a settlement agreement document to submit to the Court as contemplated by the Court's May 1, 2019 Order.

8993714_2

The reasons that the parties agree that the above settlement is in the interests of both parties is that Plaintiff was employed by Defendant from July 26, 2010 to March 2, 2012, and the Complaint in this case was filed on March 7, 2014.  The Motion for Summary Judgment filed by Defendant on August 29, 2014 [Dkt # 22] included a section seeking judgment on the grounds that Plaintiff's claims were untimely under the two-year statute of limitations in the Fair Labor Standards Act (FLSA), 29 U.S.C. 255(a).  Plaintiff contended that the three-year statute of limitations period under the FLSA for willful violations should apply to this case. 29 U.S.C. 255(a).  Because of the Court's decision granting Defendant's Motion for Summary Judgment on other grounds, it was not necessary for the Court to reach the issue of the statute of limitations.

After the *en banc* decision of the Court of Appeals for the Ninth Circuit remanded this case and the other tip credit cases consolidated on appeal, Defendant's counsel communicated to Plaintiff's counsel that Defendant intended to seek summary judgment on the statute of limitations issue not previously ruled upon.  In view of the conflicting Department of Labor interpretations of the Dual Jobs Regulation, the looming determination of whether any alleged violation was "willful" on summary judgment, and the potential for both sides to incur additional attorneys' fees and costs, the parties agreed that it was in their interests to settle this case on the terms described above.

The above explanation of the position of the parties regarding the reasonableness of the terms of the resolution of this case is not intended to be an admission of any issue by any party other than the reasonableness of the terms of the resolution in this case.

RESPECTFULLY SUBMITTED this 30th day of May, 2019.

**THE CAVANAGH LAW FIRM, PA**

By: */s/David A. Selden*
David A. Selden
Julie A. Pace
Heidi Nunn-Gilman
*Attorneys for Defendant*

**THE BENDAU LAW FIRM, PLLC**

By: /s/ Clifford P. Bendau, II
Clifford P. Bendau, II
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2019, I electronically transmitted the attached to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II
**THE BENDAU LAW FIRM, PLLC**
Post Office Box 97066
Phoenix, Arizona 85060
cliffordbendau@bendaulaw.com
*Attorneys for Plaintiff*

/s/ Michelle Renee Mercure